[No. 5250.   Decided April 12, 1905.]

KATIE MAY PLUMB *et al.,* *Appellants,* v. F. L. DYAS *et al.,*
*Respondents.*[1]

TAXATION—FORECLOSURE OF LIEN—NOTICE—NAME OF OWNER.
In a tax foreclosure proceeding in which the holder of the record
title and all unknown owners were named as defendants, the
equitable owners are not necessary parties, and cannot question
the tax title secured under the judgment of foreclosure, on the
ground that they had no notice of the suit.

Appeal from a judgment of the superior court for King
county, Bell, J., entered January 28, 1904, in favor of the
defendants, upon the pleadings and plaintiff's opening
statement, at a trial before the court without a jury, dis-
missing an action to quiet title.   Affirmed.

*Brady & Gay* and *Byers & Byers,* for appellants.

*Ralph Simon,* for respondents.

Per CURIAM.—The record title to the property in con-
troversy in this action stood in the name of one Mary A.
Dougan until some time in the month of March, 1902.
On the 1st day of March, 1902, in a certain tax proceed-
ing, pending in the superior court of King county, in
which said Mary A. Dougan and unknown owners were
named as defendants, a judgment was entered, directing
the sale of said property for delinquent taxes, and in pur-
suance of such judgment a tax deed was issued to the de-
fendants herein, who were the purchasers at the tax sale.
Some time in January, 1901, J. W. Wheeler, one of the
plaintiffs in this action, entered into an agreement with the
said Mary A. Dougan, whereby she agreed to convey the
property in controversy to said Wheeler, and in pursu-

1Reported in 80 Pac. 432.

ance of such agreement a deed therefor was executed and delivered to said Wheeler, some time after the entry of the tax judgment above mentioned. The only objection urged against the tax title is that the plaintiffs herein were the equitable owners of the property at the time of the foreclosure, and were not made parties thereto. The court below held that these facts would not defeat the tax title, and entered judgment accordingly. From this judgment the plaintiffs appeal.

Under the uniform rulings of this court, the plaintiffs were not necessary parties to the proceeding to foreclose the tax lien, under the facts stated, and the judgment of foreclosure was valid and binding as against them. See, *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385, and cases cited.

The judgment is therefore affirmed.